**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Kelly Joe Simon, ) | |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Leann Bertsch, Tim Schuetzle, Pat Branson, ) | |
| Wes Wood, and Warren Emmer, ) | |
| ) | Case No. 1:10-cv-026 |
| Defendants. ) | |

The plaintiff, Kelly Joe Simon ("Simon"), is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action on April 13, 2010, by lodging with the court a complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis*. This matter is now before the court for an initial review as mandated by 28 U.S.C. §1915A.

**I.    BACKGROUND**

Simon claims that he was assaulted by an NDSP correctional officer on March 17, 2009. His complaint alleges the following:

> I Kelly Simon was assaulted by one officer Wes Wood due to the results that I (sic) went into a[n] area and supposedly got a[n] attitude with this officer. As I (sic) proceeded to return to my living unit as directed, Officer Wes Wood at that time proceeded by taking my face and slammed it against the wall which left abrasions on my face. The amount of force he used also caused massive bruising on my arms, face, neck and chest area. Inmates Melvin Eaton and Michle Scholz were in the hallway at the time of the incident. My 8th and 14th amendment rights were violated. Cruel and unusual punishment.

(Docket No. 3). His prayer for relief is devoid of any request for monetary damages. He instead implores the court to "find the officer unsuitable and/or unfit to work around inmates" and to "make sure this official can no longer hold or possess the power of a staff official." (Id.)

1

**III.     DISCUSSION**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes "cruel and unusual punishment," which violates the Eighth Amendment and is actionable under 42 U.S.C. § 1983. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Williams v. Boles, 841 F.2d 181 (7th Cir. 1988). This, however, does not end the undersigned's analysis given what Simon requests in his prayer for relief.

Essentially what Simons seeks is that Officer Wood be terminated or put in some job where he has no contact with prisoners. Courts generally do not concern themselves with the day-to-day administration of detention facilities, however. See e.g., United States v. Medina, 628 F. Supp.2d 52, 54-55 (D.D.C. 2009) (adding that exceptions may be made in cases where a correctional facility hampers an inmate's ability to access counsel, discovery, or unlawfully punishes an inmate prior to conviction). This is because courts "are ill equipped to deal with the increasingly urgent problems of prison administration" and it would "not be wise for [courts] to second-guess the expert administrators on matters on which they are better informed." Id.; see also Bell v. Wolfish, 441 U.S. 520, 548 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.").

Moreover, there is nothing in the materials submitted to suggest that the alleged abuse was pervasive. Rather, Simon's complaint makes reference to one alleged instance of abuse. Thus, assuming that the court does have the authority to order the changes in staffing and duty assignments as envisioned by Simon, the likelihood that it do so here is beyond remote.

**III.     CONCLUSION AND RECOMMENDATION**

Based on the pleadings, there is no reasonable possibility that Simon is entitled to the relief he requests. The undersigned therefore recommends that Simon's application to proceed *in forma*

*pauperis* (Docket No. 2) be **DENIED** and his complaint be **DISMISSED** without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 5th day of May, 2010.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge